UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| **JAMES C. WALDORF, M.D.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MAYO CLINIC,** *a Minnesota non-profit corporation*;<br><br>**MAYO CLINIC JACKSONVILLE**, *a Florida non-profit corporation*; and<br><br>**MAYO CLINIC FLORIDA**, a *Florida non-profit corporation,*<br><br>    **Defendants.** | **3:24-cv-00657-CRK-MCR** |

# ORDER

Before the court is Defendants Mayo Clinic, Mayo Clinic Jacksonville, and Mayo Clinic Florida's motion for taxation of costs. ECF No. 85.

## BACKGROUND

Plaintiff Dr. James C. Waldorf initiated this action on June 24, 2025. ECF No. 1. Plaintiff asserted age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. Plaintiff also asserted a retaliation claim under the Equal Pay Act, 29 U.S.C. § 206(d). Id.

**ORDER - 1**

On June 30, 2025, Defendants moved for summary judgment on all claims. ECF No. 53. On November 24, 2025, the court granted Defendants' motion in full and entered final judgment in Defendants' favor. ECF Nos. 82, 83. On December 8, 2025, Defendants filed the instant motion seeking taxation of costs, namely a reimbursement of certain deposition-related litigation expenses. ECF No. 85. On December 22, 2025, the deadline for Plaintiff's response to the motion, Plaintiff instead filed a Notice of Appeal to the Eleventh Circuit from the court's final judgment. ECF No. 86.

## JURISDICTION AND STANDARD OF REVIEW

The court had original subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. See ECF No. 82. The court exercised supplemental jurisdiction over Plaintiff's related state law claim under 28 U.S.C. § 1367(a). See id. Final judgment has been entered. ECF No. 83. A notice of appeal generally divests the district court of jurisdiction over matters involved in the appeal. Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). The district court may nevertheless decide collateral matters that do not affect the questions presented on appeal, including motions for attorney's fees and costs. Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). Rule 54(d)(1) provides that, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, costs should be allowed to the prevailing party. Fed. R. Civ.

**ORDER - 2**

**3:24-cv-00657-CRK-MCR**

P. 54(d)(1). The court therefore exercises jurisdiction to resolve this post-judgment motion to tax costs.

## DISCUSSION

Defendants support their motion with a Bill of Costs and itemized invoices. See ECF Nos. 85, 85-1. Under Local Rule 3.01(d), Plaintiff had fourteen days to respond. M.D. Fla. R. 3.01(d). Plaintiff filed no response within that time. Id. Due to Plaintiff's failure to respond, the motion is subject to treatment as unopposed. Id.

Even when the court retains jurisdiction, it may defer ruling on costs pending appeal to promote judicial economy and avoid revisiting the issue if the judgment is reversed or modified. See, e.g., Baxter v. Santiago-Miranda, No. 6:21-cv-718, ECF No. 125 at 2 (M.D. Fla. June 6, 2023) (quoting Truesdell v. Thomas, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016)); Reyes v. Fla. A&M Univ. Bd. of Trs., No. 6:22-cv-1525, ECF No. 169 at 2–3 (M.D. Fla. Apr. 23, 2025). The Advisory Committee Note to the 1993 amendment to Rule 54 likewise recognizes that, when a merits appeal is taken, the court may rule, defer ruling, or deny without prejudice and set a renewed filing period after the appeal is resolved. Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment.

Here, because the merits judgment is on appeal, immediate resolution of taxable costs is unlikely to assist the Court of Appeals and may require the court to revisit the issue after the appeal is resolved. See Hess v. Coca-Cola Refreshments USA, Inc., No. 8:13-cv-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016);

**ORDER - 3**

**3:24-cv-00657-CRK-MCR**

see also Bowers v. Universal City Dev. Partners, Ltd., No. 6:03-cv-985-ORL-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005).

## CONCLUSION

Accordingly, Defendants' Motion for Taxation of Costs, ECF No. 85, is **DENIED WITHOUT PREJUDICE**. Defendants may renew the motion within 30 days after the Eleventh Circuit issues its mandate concluding the appeal.

It is so **ORDERED**.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:    January 5, 2026
          New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**ORDER - 4**